**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EDVARD ROMANOS YERITSYAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73108 <br><br> Agency No. A098-475-049 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2013[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Edvard Romanos Yeritsyan, a native and citizen of Armenia, petitions for

review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal

from an Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Yeritsyan submitted his asylum application on June 26, 2007. Since the application was filed on or after May 11, 2005, it is governed by the provisions of the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

Substantial evidence supports the BIA's denial of relief on adverse credibility grounds based on discrepancies between Yeritsyan's testimony, his Petition for Alien Fiancé(e) (I-129F), his nonimmigrant visa application, and his asylum application.

In particular, Yeritsyan's testimony conflicts with his immigration applications regarding the identity of his employer in December 2006. Yeritsyan testified at his December 2007 merits hearing that by January 6, 2006, he was no longer working at Shirak Ltd.: "I was actually not working. [Shirak] . . . was close[d] . . . and we couldn't work." This conflicts with his nonimmigrant visa application, which states that as of December 2006 he was still employed by Shirak Ltd. in Gyumri, Armenia. Yeritsyan's asylum application states that he was employed by the Kentron television station in Yerevan, Armenia, in December 2006, and his cousin's declaration also states that Yeritsyan worked at the television station. The IJ provided Yeritsyan several opportunities to explain the

inconsistencies between his testimony and his visa documents regarding his employment history and prior arrests, yet Yeritsyan failed to resolve where he was employed in December 2006. The discrepancies regarding his employment cast doubt on his credibility because Yeritsyan alleges that his final arrest and detention was due to his complaint against his employer at Kentron television station, a company allegedly sympathetic to the ruling party in Armenia.

The BIA's assessment that Yertisyan lacked a genuine relationship with his putative fiancée is also supported by substantial evidence. The BIA noted that Yeritsyan had limited interactions with his putative fiancée, which amounted to three days in Armenia during their first meeting, one day in Moscow about a year later, and brief internet phone calls in 2005 and 2006. According to Yeritsyan's I-129F Petition for Alien Fiancé(e) signed in July 2006, his putative fiancée submitted and was denied an initial fiancée petition within the first two months of having known Yeritsyan. Yeritsyan also admitted that he never saw or lived with his fiancée in the United States and never married her.

The inconsistencies and lack of detail in Yertisyan's various petitions for relief provide substantial evidence to support the BIA's decision that Yertisyan was not credible. The BIA's reasons are "specific and cogent," and the adverse

credibility determination is "reasonable" under the totality of the circumstances. *Shrestha*, 590 F.3d at 1048.

Because his testimony is not credible, Yeritsyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because there is no evidence in the record that compels a finding that it is more likely than not that he would be tortured at the direction of or with the consent or acquiescence of the Armenian government, his CAT claim also fails. *See* 8 C.F.R. §§ 1208.18(a)(1), (7).

For the foregoing reasons, we **DENY** the petition for review.